UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

*In re:*

LARRY VINCENT WILLIAMS,

       Debtor              /

Case No.: 09-34336-BKC-AJC

Chapter 7

**TRUSTEE'S SUPPLEMENT TO OBJECTION
TO THE DEBTOR'S CLAIMED EXEMPTIONS**

Barry Mukamal, as the Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of Larry Vincent Williams (the "Debtor" or "Williams"), by and through undersigned counsel, pursuant to Rule 4003 of the Federal Rules of Bankruptcy Procedure and 11 U.S.C. §§ 521, 522, 541, and 542, supplements (the "Supplement") his *Objection to Debtor's Claimed Exemption on Amended Schedule C* (the "Objection") [ECF#140] as follows:

**BACKGROUND**

1. The Trustee refers the Court and interested parties to the Objection for a detailed overview of the events leading up to the Trustee filing the Objection. This Supplement incorporates the Objection by reference.

2. In the event that the Court is not inclined to sustain the Trustee's Objection to the Debtor's claimed homestead for the bases raised in the Objection, the Trustee submits that the Debtor's homestead exemption must be limited to the portion of the 925 Property[1] in which the Debtor actually resides.

3. Further, the Trustee submits that the 925 Property is not divisible in its current form, and thus cause exists for the Court to authorize the Trustee to sell the 925 Property[2] and

---

[1] Capitalized terms not defined herein shall be defined as in the Objection.
[2] The Trustee also seeks to sell the adjacent lot located at 921 NW 2nd Court, Miami, FL 33136.

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

distribute to the Debtor any portion of the proceeds that the Court adjudicates are proceeds of the Debtor's exempted homestead.

### SUPPLEMENTAL OBJECTION TO DEBTOR'S ASSERTED HOMESTEAD

4. Article X, Section 4, of the Florida Constitution, states in pertinent part:

*Homestead—exemptions*
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:
(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to *the residence of the owner or his family*.... (emphasis added).

5. "While the Florida Constitution does not define the term "homestead," it does provide various limitations and requirements. Among these are an acreage limitation, an ownership requirement, and a residency limitation." *In re Wierschem*, 152 B.R. 345 (Bankr. M.D.Fla. 1993). Premised upon the residency requirement, a majority of bankruptcy courts have ruled that an owner of a multi-family property cannot claim the leased portion of the property exempt as his homestead. *See In re Englander*, 95 F.3d 1028, 1032 (11th Cir. 1996); *In re Nofsinger*, 221 B.R. 1018, 1021 (S.D.Fla.1998) ("the homestead exemption only extends to that portion of the property which a debtor uses as his residence and cannot include any portion which is rented to and occupied by a third party or used by the third party as his own business."); *In re Aliotta*, 68 B.R. 281 (Bankr.M.D.Fla.1986) (court held that three of four units in a multi-family building were not part of the debtor's residence and therefore not entitled to exempt status); *Wierschem*, 152 B.R. at 349 (Court sustained objection to claimed homestead to the

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

extent that it exceeded the residency limitation imposed by the Florida Constitution because the Debtor only resided in a portion of the building and rented the remaining units); *see also First Leasing & Funding of Florida, Inc. v. Fiedler*, 591 So.2d 1152, 1153 (Fla. 2nd DCA 1992) (same).

6.     The Trustee recognizes, however, that this Court has utilized a two-prong divisibility test to determine the proper scope of a debtor's homestead exemption in multi-family real property. In *In re Kuver,* 70 B.R. 190 (Bankr.S.D.Fla.1986), this Court ruled that a debtor could properly exempt the entirety of a duplex notwithstanding that one unit was rented to a third party because the property could not be divided and sold under existing zoning laws. Further, in *In re Makarewicz* 130 B.R. 620 (Bankr. S.D.Fla. 1991), this Court explained that "the criteria for divisibility should include not only whether a unit or parcel is susceptible to division by perpendicular and/or horizontal lines, but also whether such unit or parcel is lawfully conveyable as an independent parcel under existing law." This Court explained the equitableness of its view as follows:

> The perpendicular/horizontal theory, alone, is inadequate and inequitable. Requiring both elements of the divisibility test, as described above, achieves the most equitable results. Requiring the Trustee to meet both criteria does not interfere with the low-income debtor's ability to rent a room. At the same time, adherence to the foregoing criteria protects creditors and the Trustee from the debtor/resident owner who claims a homestead exemption of a fifty-story rental apartment building, but whose building is susceptible to division into units which can be lawfully conveyed.

*Id.* at 621.

7.     With regard to the 921 Property, the Debtor clearly fails to satisfy the residency requirement of Florida's homestead protection as the parcel is unimproved raw land. Accordingly, the Trustee submits that the Debtor's claimed homestead exemption on the 921

n/a

Property must be disallowed in in its entirety. *See, e.g., Englander*, 95 F.3d at 1031 (homestead requires actual residency).

8. Further, with regard to the 925 Property, the Debtor has only recently commenced illegally residing in a small portion of the property. The 925 Property is uninhabitable, and the City of Miami has condemned the property. The 925 Property has no connected utilities – no running water, electricity, or air conditioning – and is basically a shell of a building with missing windows, crumbling sheet rock, and occasional squatters. The Trustee submits that the Debtor's bad faith, illegal occupancy of a small portion of the building wholly fails to satisfy the residency requirement of the Florida constitution.

9. In the event that the Court finds that the Debtor's occupancy does satisfy the residency requirement, however, the Debtor's homestead protection must be limited to the portion of the property in which the Debtor actually resides. Extending homestead protection beyond the space of the Debtor's actual residency would be unjust to his creditors, including the holders of tax warrants for outstanding, unpaid taxes against the Property, and fly in the face of the Florida Constitution.  Moreover, this Court developed the two-prong divisibility test to prevent debtors from inequitably shielding exactly this type of large multi-family property from creditors.

10. The 925 Property is laid out as a "boarding house" with multiple units with single ingress and egress for the purpose of renting them out. In fact, the Miami-Dade property records indicate that the 925 Property is zoned as "multi-family" and has thirty living units in total within the structure. Accordingly, a condominium could be formed under Chapter 718 of the Florida Statutes in order to effectuate the lawful transfer of the units as independent parcels. Accordingly, pursuant to this Court's divisibility test announced in *Makarewicz*, the Debtor

4

cannot exempt all thirty units in the 925 Building as his homestead because the property is "susceptible to division into units which can be lawfully conveyed." 130 B.R. 621.

11. Further, because the 925 Property is currently indivisible, the trustee seeks authorization to administer the entire property and apportion the proceeds. *See In re Wierschem*, 152 B.R. at 349 ("Because the property is indivisible, the court will permit the trustee to sell the entire real property and divide the proceeds, after satisfying mortgage and other liens of record and paying the ordinary and necessary costs and expenses of sale and closing, between the estate and the debtors"); *see also In re Englander*, 95 F.3d 1028 (11th Cir.1996).

12. In his recent Rule 2004 examination, the Debtor testified that he is currently residing in only one third of the Property and that the remaining two thirds are uninhabitable. The Debtor is single, and he testified that his grown children do not currently reside in the Property. The Trustee submits that the Debtor cannot reasonably be afforded an exemption in 10 of the 30 units in the structure. The building's purpose and layout do not support such an exemption. Accordingly, if the Court holds that the Debtor is entitled to any exempt portion of the 925 Property at all, then such exemption should be commensurate with such percentage of the units in which a single Debtor could reasonably reside. In any event, the Trustee should be permitted to sell the 925 and 921 Property and apportion the proceeds in such fashion as is consistent with the percentage of the structure in which the Debtor reasonably resides.

## CONCLUSION

13. As explained in the Objection, the Trustee submits that that the Debtor's amended Schedule C should be stricken on the basis that the homestead exemption was amended in bad faith, with the intent to prejudice creditors, and thwart the administration of the bankruptcy estate

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**

by preventing the sale of the 921 Property and 925 Property to pay the Debtor's mounting claims.

14. However, in the event that the Court permits the Debtor's amendment, then the Debtor's claimed homestead still fails because the Debtor's illegal occupancy of a small portion of the 925 Property does not satisfy the residency requirement of the Florida Constitution.

15. Finally, if the Court permits the amendment and finds that the Debtor's illegal occupancy can satisfy the residency requirement, then the Debtor's homestead exemption must be limited to only the portion of the 925 Property in which he actually resides, and the Trustee should be permitted to sell the Property and apportion the proceeds.

**WHEREFORE**, the Trustee respectfully requests the entry of an order (i) striking the Debtor's amendment to Schedule C, (ii) disallowing the Debtor's claimed homestead exemption on the 921 and 925 Property, and (iii) providing any further relief this Court deems appropriate.

*I HEREBY CERTIFY* that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this court set forth in Local Rule 2090-1(A).

Respectfully submitted by,

EHRENSTEIN CHARBONNEAU CALDERIN
*Attorneys for the Trustee*
501 Brickell Key Drive, Suite 300
Miami, Florida 33131
T. 305.722.2002     F. 305.722.2001

By:     /s/ *Daniel L.Gold*
Daniel L. Gold, Esq.
Florida Bar No.: 0761281
dg@ecclegal.com
David Rothenstein, Esq.
Florida Bar No.: 72707
dr@ecclegal.com

**EHRENSTEIN CHARBONNEAU CALDERIN**
**501 Brickell Key Drive · Suite 300 · Miami, FL 33131 · T. 305.722.2002 · F. 305.722.2001 · www.ecclegal.com**